UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:16-CR-____ (VAB) |
| | : | |
| v. | : | VIOLATION: |
| | : | |
| HAROLD J. PICKERSTEIN | : | 18 U.S.C. § 1341 (Mail Fraud) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Mail Fraud)

Background

1. At all times relevant to this Information:

   a. The defendant HAROLD J. PICKERSTEIN was an attorney licensed to practice in the State of Connecticut.

   b. PICKERSTEIN represented Victim 1, and served as the trustee for an investment account (the "Trust Account") held for the benefit of Victim 1. As trustee, PICKERSTEIN had a fiduciary duty to administer the Trust Account for the benefit of Victim 1.

The Scheme to Defraud

2. From in or about August 2011 through in or about November 2013, in the District of Connecticut and elsewhere, PICKERSTEIN knowingly, willfully and with the intent to defraud, devised an intended to devise a scheme and artifice to defraud Victim 1, and to obtain money and property from Victim 1, by means of materially false and fraudulent pretenses, representations, and promises, as more fully set forth below.

3. As part of the scheme, PICKERSTEIN used some of the funds held in the Trust

Account for his personal expenses, including payments to state and federal tax authorities to satisfy PICKERSTEIN's personal tax liabilities, as well as expenses of third parties.

### Purpose of the Scheme

4. The purpose of the scheme and artifice to defraud was for PICKERSTEIN to derive profit for himself and third parties, from money held for the benefit of Victim 1 in the Trust Account, and thereafter to prevent and forestall the discovery of his scheme by causing Victim 1 to believe that some of the money PICKERSTEIN had improperly withdrawn from the Trust Account had been disbursed to pay legal bills, whereas in truth and fact PICKERSTEIN had spent those funds on personal expenses for himself and third parties.

### The Manner and Means of the Scheme

5. As part of the scheme, PICKERSTEIN withdrew money from the Trust Account, depositing some checks into accounts held in his own name, and sending other checks to pay for personal expenses for himself and third parties, including payments to state and federal tax authorities to satisfy PICKERSTEIN's personal tax liabilities.

6. It was further part of the scheme that, after Victim 1 questioned PICKERSTEIN why funds released from the Trust Account to Victim 1 were less than Victim 1 expected, PICKERSTEIN used the U.S. mails to send a letter to Victim 1 dated November 27, 2013, falsely representing that a portion of the Trust Account's funds had been deducted to pay legal bills, whereas as PICKERSTEIN was then fully aware, those funds had not in fact been used to pay legal bills. PICKERSTEIN intended that Victim 1 would rely on the accuracy of that representation in determining whether the funds in the Trust Account had been properly disbursed.

## Execution of the Scheme to Defraud

7. On or about November 27, 2013, in the District of Connecticut, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, PICKERSTEIN knowingly caused to be delivered by United States mail the November 27, 2013, letter described above to Victim 1.

All in violation of Title 18, United States Code, Section 1341.

UNITED STATES OF AMERICA

*/s/ William J. Nardini*

WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT


LORETTA LYNCH
ATTORNEY GENERAL OF THE UNITED STATES

*/s/ Preet Bharara*

PREET BHARARA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK